**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OSAMA M. EL-ATARI | ) | Case No. 09-14950-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| KEVIN R. MCCARTHY, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01410 |
| | ) | |
| TECHNOLOGY DESIGN GROUP, LLC, *et. al.* | ) | |
| | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Defendants Technology Design Group, LLC and Michael L. Sines. (Docket No. 16). The Plaintiff filed the Complaint on August 9, 2011, and seeks to (a) avoid the transfer of $30,000.00 that was made to the Defendants, pursuant to 11 U.S.C. § 547(b) (Count I); (b) avoid the transfer of $108,500.00 that was made to the Defendants, pursuant to 11 U.S.C. § 548(a)(1)(B) (Count II); (c) recover the $108,500.00 in transferred funds, pursuant to 11 U.S.C. § 550(a) (Count III); and (d) disallow any claims held by the Defendants against the bankruptcy estate, pursuant to 11 U.S.C. § 502(d), because the Defendants failed to return the transferred funds to the Debtor's bankruptcy estate (Count IV). There being proper service and no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted as to all four Counts, that a money judgment in the amount of $108,500.00

1

be entered for the Plaintiff, and that any claims held by the Defendants against the bankruptcy estate be disallowed, until the judgment is paid.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. All four Counts are core proceedings under 28 U.S.C. § 157(b)(2). However, because the Plaintiff seeks to augment the bankruptcy estate by the entry of a money judgment, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

## The Plaintiff's Motion for Default Judgment

This is one of approximately fifty four adversary proceedings filed by the Trustee in connection with this bankruptcy case. Mr. el-Atari, the Debtor in this case, engaged in fraud on a massive scale; this much is undisputed. He forged life insurance certificates, and borrowed against them with various lending institutions. Ultimately, he was found out, apprehended and charged with a number of federal offenses. He plead guilty to two counts of bank fraud, and was sentenced to twelve years in prison. His restitution obligations exceed $54,000,000.00.

According to the allegations of the Complaint, "the Debtor became insolvent not later than December 2007, and has remained so to the present." Complaint, ¶ 11. The Debtor made a series of transfers to the Defendants as follows:

|  Date  |  Amount  |
|---|---|
| June 21, 2007 | $30,000.00 |
| August 8, 2007 | $32,500.00 |
| January 7, 2008 | $16,000 |
| April 29, 2009 | $30,000.00 |
| Total: | $108,500.00 |

*Id.* at ¶ 13.

      With regard to Count I, Avoidance of the April 29, 2009 Transfer Pursuant to 11 U.S.C. § 547(b), the Plaintiff alleged that (a) the transferred funds were property of the Debtor, (b) the Defendants were creditors of the Debtor during the 90-day period immediately prior to the filing of the petition, (c) the transfer was made for the benefit of the Defendants, (d) the transfer was made on account of antecedent debts owed by the Debtor to the Defendants, (e) the transfer was made while the Debtor was insolvent, (f) the transfer was made on or within 90 days before the date of the filing of the petition, and (g) the transfer enabled the Defendants to receive more than they would have under this chapter 7 bankruptcy case. Complaint, ¶ 14-22.

      With regard to Count II, Avoidance of the Transfers (all four transfers) Pursuant to 11 U.S.C. § 548(a)(1)(B), the Plaintiff alleged that (a) the transferred funds (all $108,500.00) were property of the Debtor, (b) the Debtor received less than a reasonably equivalent value in exchange for the transfers, (c) the Debtor was insolvent on the date of each of the transfers, (d) at the time of the transfers, the Debtor was engaged in business for which any property remaining with the Debtor constituted an unreasonably small amount of capital, and (e) at the time of each

transfer, the Debtor intended to incur debts that were beyond the Debtor's ability to repay. Complaint, ¶ 24-29.

With regard to Count III, Recovery of the Avoided Transfers Pursuant to 11 U.S.C. § 550(a), the Plaintiff alleged that the Defendants were the initial transferees of the transfers. *Id.* at ¶ 32.

Finally, with regard to Count IV, Disallowance of Claims Pursuant to 11 U.S.C. § 502(d), the Plaintiff alleged that (a) the transfers are avoidable pursuant to Section 547(b) and/or Section 548(a)(1)(B), and (b) the value of the transfers is recoverable from the Defendants pursuant to Section 550(a). *Id.* at ¶ 35.

On February 7, 2012, the Court held a hearing on the Plaintiff's Motion for Default Judgment. The Plaintiff was present by counsel. The Defendants failed to appear at the hearing. Pursuant to Fed.R.Bankr.P. 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." The Court finds that the Summons was properly served on the Defendants, and that the Defendants failed to file an Answer in accordance with Fed.R.Bankr.P. 7012. Docket No. 5. The Court further finds that the amount sought is for a sum certain. Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted as to all four Counts, that a money judgment in the amount of $108,500.00 (including the $30,000.00 on Count I) be entered for the Plaintiff, and that any claims held by the Defendants against the bankruptcy estate be disallowed, until the judgment is paid.

**Conclusion**

For the reasons stated above, the Court recommends that the Plaintiff's Motion for Default Judgment be GRANTED as to all four Counts, that a money judgment in the amount of $108,500.00 be ENTERED for the Plaintiff, and that any claims held by the Defendants against the bankruptcy estate be DISALLOWED, until the judgment is paid. The Court will issue an Order making the foregoing recommendation to the District Court.

Date: _____    _____
　　　　　　　　　　　　　　　　Brian F. Kenney
　　　　　　　　　　　　　　　　United States Bankruptcy Judge

Copies to:

Kevin R. McCarthy, Esquire
McCarthy & White, PLLC
1751 Pinnacle Drive #1115
McLean, VA 22102
Plaintiff

Stephen E. Leach, Esquire
Leach Travell Britt, PC
8270 Greensboro Drive
Suite 1050
McLean, VA 22102
Counsel for the Plaintiff

Technology Design Group, LLC
c/o Corporation Service Company, Registered Agent
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219
Defendant

Michael L. Sines
107 Shirley Square, SE
Leesburg, VA 20175
Defendant